**E-Filed 4/17/08**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LOIS E. ANDELIN,<br><br>              Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE[1],<br>Commissioner,<br>Social Security Administration,<br><br>              Defendant. | Case Number C 07-00675 JF<br><br>**AMENDED**[2] ORDER[3] DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>[re: docket nos. 10, 14] |

**I.  BACKGROUND**

Plaintiff Lois Andelin ("Plaintiff") filed the complaint in this action on February 1, 2007,

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 1, 2007.

[2] This Order is amended pursuant to this Court's of the same date, ORDER AMENDING ORDER GRANTING SUMMARY JUDGMENT; AND DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION.

[3] This disposition is not designated for publication and may not be cited.

1  seeking to reverse or remand for further administrative proceedings a decision by Defendant

2  Commissioner of Social Security ("Commissioner") denying her disability insurance benefits.[4]

3  Defendant filed his answer on May 5, 2007.  Plaintiff filed a motion for summary judgment on

4  July 25, 2007.  Defendant filed opposition to Plaintiff's motion for summary judgment and a

5  cross-motion for summary judgment on August 27, 2007.  Plaintiff did not file opposition to

6  Defendant's cross-motion.  The matter thereafter was submitted without oral argument.

7      The following facts are taken from the May 23, 2006 decision of the ALJ and the

8  accompanying administrative record ("AR").  At the time of the hearing, Plaintiff was sixty-six

9  years old and possessed two years of college education along with additional vocational training

10 as an administrative assistant.  AR 26-27.  Her past work experience included employment as a

11 administrative assistant from May 1989 to June 2002.  AR 27.  Plaintiff alleges that she became

12 disabled on June 14, 2002 as a result of "injuries to spine, cervical, left face, (and) chest."  AR

13 26.  On December 17, 2003, Plaintiff applied for disability insurance benefits.  *Id.*  The

14 application initially was denied on June 24, 2004.  *Id.*  Her application was denied upon

15 reconsideration on March 18, 2005.  *Id.*  The ALJ held an administrative hearing on April 11,

16 2006 in San Jose, California.  *Id.*  Plaintiff, who was represented by attorney Cynthia G. Starkey,

17 testified at the hearing. *Id.*

18      The ALJ found that Plaintiff was not disabled within the meaning of the Social Security

19 Act.  *Id.* To determine whether Plaintiff was disabled, the ALJ noted that "the Regulations

20 provide for a five-step sequential evaluation process."  *Id.*  At step one, the ALJ concluded that

21 there was no evidence that Plaintiff had engaged in substantial gainful activity since her alleged

22 disability onset date.  AR 26.  The ALJ next found that the Plaintiff had the "medically

23 determinable severe impairments of chronic pain complaints/neck and lower back strains that

24 would satisfy the requirements of 20 CFR § 404.1520©."  *Id.* The ALJ noted that "these

25 _____

26     [4] The challenged decision was rendered by Administrative Law Judge Sandra K. Rogers
   ("the ALJ") on May 23, 2006. The ALJ's decision became final on December 4, 2006 when the
27 Appeals Council of the Social Security Administration denied Plaintiff's request for
   administrative review of the ALJ's decision.  Complaint at ¶ 4.
28

Case No. C 07-00675 JF
**AMENDED** ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
(JFLC3)

1   impairments have significantly limited the claimant's ability to perform basic work activities."

2   *Id.*  However, after reviewing the medical evidence, the ALJ concluded that "the medical

3   evidence indicates that the claimant has had chronic pain complaints/neck and lower back strains,

4   impairments that are 'severe' within the meaning of the Regulations but not 'severe' enough to

5   meet or medically equal, either singly or in combination, one of the impairments listed in

6   Appendix 1. Subpart P, Regulations No. 4." AR 28.

7   In determining Plaintiff's residual functional capacity, the ALJ found that "the claimant

8   retains a residual functional capacity to perform 'light' work without demands made for

9   prolonged standing, walking, or sitting of longer than 1 hour without a change of position for 15

10  minutes (which can be accomplished without leaving work)." AR 29.  The ALJ also found that

11  "[t]he claimant should also not perform tasks which require repetitive or prolonged motions of

12  the vertical spine or overhead reaching/grasping." *Id.*

13  Finally, the ALJ determined that Plaintiff could perform her past work.  The ALJ noted

14  that "the claimant's past relevant job as an administrative assistant would customarily be

15  performed at the 'semi-skilled' and 'sedentary' exceptional level, although the claimant

16  described the job as closer to full light work as she had actually performed it." AR 31.  The ALJ

17  determined that Plaintiff "could return to her past relevant work as an administrative assistant as

18  that job is generally performed in the national economy since the job afforded great latitude to

19  change position from sitting to standing while continuing to perform the work function." *Id.*

20  Based on these determinations, the ALJ concluded that the Plaintiff was not disabled as

21  defined by the Social Security Act at any time through the date of her decision.  *Id.*

22  ## II.  LEGAL STANDARD

23  **A.  Standard for Reviewing the Commissioner's Decision**

24  Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the

25  Commissioner's decision denying Plaintiff benefits.  The Commissioner's decision (here the

26  decision of the ALJ) will be disturbed only if it is not supported by substantial evidence or if it is

27  based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523

28

3

1  (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).  In this context, the

2  term "substantial evidence" means "more than a mere scintilla but less than a preponderance - it

3  is such relevant evidence that a reasonable mind might accept as adequate to support the

4  conclusion." *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1257.  When determining whether

5  substantial evidence exists to support the ALJ's decision, the Court examines the administrative

6  record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at

7  1257; *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  Where evidence exists to support

8  more than one rational interpretation, the Court must defer to the decision of the ALJ.  *Moncada*,

9  60 F.3d at 523; *Drouin*, 966 F.2d at 1258.

10  **B.  Standard for Determining Disability**

11          A person is "disabled" for purposes of receiving social security benefits if he or she is

12  unable to engage in any substantial gainful activity due to a physical or mental impairment which

13  is expected to result in death or which has lasted or is expected to last for a continuous period of

14  at least twelve months.  *Drouin*, 966 F.2d at 1257; *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th

15  Cir. 1984).  Social Security disability cases are evaluated using a five-step, sequential evaluation

16  process. In the first step, the Commissioner must determine whether the claimant currently is

17  engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied.

18  *Id.*  If the claimant is not currently engaged in substantial gainful activity, the second step

19  requires the Commissioner to determine whether the claimant has a "severe" impairment or

20  combination of impairments which significantly limits the claimant's ability to do basic work

21  activities; if not, a finding of "not disabled" is made and the claim is denied.  *Id.*  If the claimant

22  has a "severe" impairment or combination of impairments, the third step requires the

23  Commissioner to determine whether the impairment or combination of impairments meets or

24  equals an impairment in the Listing; if so, disability is conclusively presumed and benefits are

25  awarded.  *Id.*  If the claimant's impairment or combination of impairments does not meet or

26  equal an impairment in the Listing, the fourth step requires the Commissioner to determine

27

28

Case No. C 07-00675 JF
**AMENDED** ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
(JFLC3)

1  whether the claimant has sufficient "residual functional capacity"[5] to perform his or her past

2  work; if so, the claimant is not disabled and the claim is denied.  *Id.*  The plaintiff has the burden

3  of proving that he or she is unable to perform past relevant work.  *Drouin*, 966 F.2d at 1257.  If

4  the claimant meets this burden, a *prima facie* case of disability is established.  The Commissioner

5  then bears the burden of establishing that the claimant can perform other substantial gainful

6  work;[6] the determination of this issue comprises the fifth and final step in the sequential analysis.

7  20 C.F.R.§§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as*

8  *amended* April 9, 1996; *Drouin*, 966 F.2d at 1257.

9  ### III.  DISCUSSION

10  Plaintiff asks this Court to determine that she is disabled.  Alternatively, Plaintiff requests

11  that her case be remanded to the ALJ for additional administrative proceedings to determine

12  whether she is disabled.  The specific issues raised in this case are (1) whether the ALJ properly

13  assessed Plaintiff's credibility; (2) whether the ALJ properly rejected the findings of Plaintiff's

14  treating physician, Dr. Cahn; and (3) whether the ALJ properly assessed Plaintiff's ability to

15  perform her past work.

16  **A.  The ALJ's Evaluation Of Plaintiff's Subjective Complaints**

17  Plaintiff argues that the ALJ erred in her determination that the medical evidence does not

18  support Plaintiff's self-described limitations.  The Commissioner contends that the ALJ properly

19  articulated several valid reasons for rejecting Plaintiff's subjective complaints of severe pain.

20  This Court's review of the ALJ's decision regarding credibility determinations is limited.

21  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) ("The trier of fact and not the reviewing

22

23  [5]A claimant's residual functional capacity ("RFC") is what he or she can still do despite
24  existing exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5
   (9th Cir. 1989).

25  [6] There are two ways for the Commissioner to meet the burden of showing that there is
26  other work in significant numbers in the national economy that claimant can do:  (1) by the
   testimony of a vocational expert or (2) by reference to the Medical-Vocational Guidelines.
27  *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

28

Case No. C 07-00675 JF

**AMENDED** ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
(JFLC3)

1   court must resolve conflicts in the evidence, and if the evidence can support either outcome, the
2   court may not substitute its judgment for that of the ALJ.")  In the instant case, the ALJ stressed
3   that she "made a thorough analysis of the consistency, severity, and credibility of the claimant's
4   subjective complaints (pursuant to Social Security Rulings 96-3p & 96-7p)," but found that the
5   objective medical evidence discounted Plaintiff's credibility.  AR 29.  The ALJ observed that in
6   2002, consultative orthopedic surgeon David J. Graubard, M.D. opined that Plaintiff would be
7   precluded from "very heavy lifting."  AR 31.  In 2003, evaluating neurologist Oscar N. Abeliuk,
8   M.D. also determined that Plaintiff was precluded from very heavy lifting.  *Id.*  The ALJ further
9   noted that state agency physicians Corazon David, M.D. and Brian Ginsberg, M.D. each found
10  that Plaintiff was able to perform light work with occasional climbing, stooping, crouching,
11  crawling, or overhead reaching.  *Id.*  Finally, the ALJ found that Plaintiff's treating physician, Dr.
12  Cahn, provided no clinical evidence supporting his opinion with respect to Plaintiff's limitations.
13  *Id.*  The ALJ considered the fact that Plaintiff was receiving conservative treatment for her pain,
14  noting that during the period of alleged disability, Plaintiff's treating physician  was "only
15  refilling medications, and no longer even advising physical therapy."  *Id.*  Based on the
16  foregoing, the record shows that the ALJ did not dismiss Plaintiff's testimony arbitrarily but
17  rather rejected the testimony in part, based on permissible grounds.  Moreover, these reasons are
18  specific, clear and convincing.  *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)
19  (holding that when there is objective medical evidence of an underlying impairment and no
20  evidence of malingering, the ALJ must state specific, clear and convincing reasons for rejecting a
21  claimant's subjective pain testimony).

22  **B. Whether The ALJ Erred In Rejecting The Opinion of Dr. Cahn**

23      Plaintiff next claims that the ALJ improperly rejected the opinion of her treating
24  physician, Dr. Cahn.  The Commissioner asserts that the ALJ provided legally sufficient reasons
25  for declining to adopt Dr. Cahn's opinions.  Dr. Cahn opined that Plaintiff either should work at
26  home or should work four or six hour shifts lifting no more that five to fifteen pounds.  AR 29.
27  The ALJ found that these recommendations were not supported by objective findings that would

28
                                            6
Case No. C 07-00675 JF
**AMENDED** ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
(JFLC3)

1   justify such restrictions.  *Id.*  The ALJ noted that on August 23, 2003, Plaintiff reported that she

2   was feeling better, and that her tolerance for activity had increased.  *Id.*  On April 5, 2005,  Dr.

3   Cahn submitted a more restrictive RFC assessment, finding at this time that the Plaintiff was

4   limited to sitting for no more than thirty minutes, standing for only five minutes, and lifting only

5   occasionally less than ten pounds*.  Id.*  However, the ALJ noted that Dr. Cahn's treatment notes

6   for this date indicated he no longer was advising physical therapy and was only refilling

7   medications.  *Id.  T*he ALJ observed that on this date, Dr. Cahn answered at least one question on

8   the RFC assessment questionnaire in such a way that demonstrated "lack of care and concern for

9   accuracy."  *Id.*  Finally, the ALJ pointed out that Dr Cahn's answers to several questions had

10  been crossed out, indicating indecision as to his assessment of Plaintiff.  *Id.*

11          Greater weight usually is given to the opinion of a treating physician.  *Batson v.*

12  *Commissioner of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citing *Matney v.*

13  *Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)).  However, a treating physician's opinion is not

14  always binding, and in the case of a conflict, the "ALJ must give specific, legitimate reasons" for

15  disregarding a treating physician's opinion.  *Id.*

16          Here, the record shows that the ALJ carefully considered Dr. Cahn's findings and

17  conclusions.  The ALJ observed that on August 26, 2003, Dr. Cahn reported that Plaintiff

18  was"feeling improved" and noted that "her pain is not as pervasive, has been able to perform

19  more light household activities, and has been able to increase her exercises."  AR. 29.   The ALJ

20  also pointed out that as of April 5, 2004, Dr. Cahn was only refilling medications and was no

21  longer advising physical therapy.  *Id.*  The ALJ expressly concluded that "Dr. Cahn did not cite

22  any specific objective findings or even symptoms in support of his medical opinions and

23  limitation" and that his medical opinions were "completely contradicted by those of all the other

24  examining and evaluating physicians in the record."  AR 30. This Court concludes that the ALJ

25  adequately explained her reasons for giving little weight to the treating physician's opinion.

26  **C.      ALJ's Assessment of Plaintiff's Ability to Perform Past Work**

27          Finally, Plaintiff claims that the ALJ failed to compare the demands of Plaintiff's former

28

7

1    work with her present capacity in accordance with 20 C.F.R. § 404.1520(e) at step four of the

2    five-step determination.  Plaintiff contends that the ALJ failed to conduct a "function-by-

3    function" analysis, which compares a claimant's residual functional capacity to the demands of

4    the claimant's past relevant work.  If the claimant does not present a listed impairment, then the

5    ALJ will determine whether the impairment prevents the claimant from returning to "past

6    relevant work" at step four of the analysis.  20 C.F.R. § 404.1520(e).  In her decision, the ALJ

7    stated that Plaintiff could return to her past work as an administrative assistant since the job

8    "afforded great latitude to change position from sitting to standing while continuing to perform

9    work function."  AR 31.

10           Plaintiff has the burden of proving that she was unable to perform her past work, both as

11   she actually performed it, and as the job generally is performed in the national economy.  *Pinto v.*

12   *Massanari*, 249 F.3d 840, 844-45.  Plaintiff did not meet this burden.  Substantial evidence

13   illustrates that Plaintiff could perform the duties of her former job, as she actually performed it.

14   The ALJ noted that Plaintiff's work as an administrative assistant customarily would be

15   "performed at the 'semi-skilled' and 'sedentary' exertional level."  AR 31.  The ALJ also noted

16   that Plaintiff described the job as she actually had performed it as closer to light work.  *Id.*  At the

17   hearing, a vocational expert confirmed that Plaintiff's past work as an administrative assistant is

18   performed at the sedentary work level, as indicated by the Dictionary of Occupational Titles.  *Id.*

19   The vocational expert also testified that based on Plaintiff's RFC, Plaintiff could return to her

20   past work, because that work easily could accommodate Plaintiff's need to change position from

21   sitting to standing while continuing to perform the work function.  *Id.*  The ALJ's decision

22   adequately explained her finding that Plaintiff could perform such work.  *Id.*

23

24

25

26

27

28
                                          8

1

**IV.  ORDER**

2     Good cause therefor appearing, IT IS HEREBY ORDERED that:

3     (1) Plaintiff's motion for summary judgment is DENIED;

4     (2) Defendant's cross-motion for summary judgment is GRANTED; and

5     (3) The Clerk shall enter judgment and close the file.

6

7

8

9     DATED:  4/17/08

_____
JEREMY FOGEL
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1    This Order has been served upon the following persons:

2    jim_miller0@yahoo.com

3
     peter.thompson@ssa.gov
4
     Deborah.Stachel@ssa.gov
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-00675 JF
**AMENDED** ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT
(JFLC3)